UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| ROBERT DAVALOS, <br><br> Plaintiff, <br><br> v. <br><br> HSBC BANK USA, NATIONAL ASSOCIATION, *as Trustee for* FREEMONT HOME LOAN TRUST, 2006-E, MORTGAGE-BACKED CERTIFICATES, SERIES 2006-E, NEWREZ LLC, PHH MORTGAGE CORPORATION, <br><br> Defendants. | Case No. 23-cv-10270-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                                       **June 13, 2023**

### I.    Introduction

Plaintiff Robert Davalos ("Davalos") has filed this lawsuit relating to an allegedly defective pre-foreclosure notice sent by Defendants HSBC Bank USA, National Association, as Trustee for Freemont Home Loan Trust, 2006-E, Mortgage-Backed Certificates, Series 2006-E ("HSBC"), NewRez LLC ("NewRez"), and PHH Mortgage Corporation ("PHH")[1] (collectively, "Defendants"). D. 1-1. Specifically, Davalos asserts claims for declaratory judgment that the "default letter/right to cure notice" sent by Defendants contained misleading language and is "null and void" (Count I), violation of the statutory power of sale contained at Mass. Gen. L. c. 183, §

---

[1] Although the complaint lists NewRez and PHH as "NewRez c/o PHH Mortgage Services," D. 1-1 ¶ 1, Defendants clarify that they are separate entities, known as NewRez LLC and PHH Mortgage Corporation, respectively, D. 9 at 1 & nn.1–2.

1

21 (Count II), and breach of contract (Count III).[2]  Id. ¶¶ 27–89.  Defendants have moved for dismissal.  D. 9.  For the following reasons, the Court ALLOWS Defendants' motion to dismiss.  Id.

## II.  Standard of Review

A defendant may move to dismiss for a plaintiff's "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  To withstand a Rule 12(b)(6) challenge, the Court must determine if the complaint "plausibly narrate[s] a claim for relief."  Schatz v. Republican State Leadership Comm., 669 F.3d 50, 55 (1st Cir. 2012) (citation omitted).  Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry.  García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013) (citations omitted).  First, the Court must perform a close reading of the claim to distinguish the factual allegations from the conclusory legal allegations contained therein.  Id. (citation omitted).  Factual allegations must be accepted as true, while conclusory legal conclusions are not entitled credit.  Id. (citation omitted).  Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged."  Haley v. City of Boston, 657 F.3d 39, 46 (1st Cir. 2011) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  In sum, the complaint must provide sufficient factual allegations for the Court to find the claim "plausible on its face."  García-Catalán, 734 F.3d at 103 (quoting Iqbal, 556 U.S. at 678).

## III.  Factual Background

The following facts are drawn from Davalos' complaint, D. 1-1, and the exhibits attached thereto, id. at 23–62, and are accepted as true for the purpose of resolving the motion to dismiss.

---

[2] Although Davalos makes his allegations "on behalf of himself and all those similarly situated," D. 1-1 ¶ 1, the complaint is otherwise devoid of any class-related allegations.

Davalos is a Massachusetts resident who lives at 137 Main Street, Centerville, Massachusetts ("the Property"), which he has owned since July 26, 1999.[3] Id. ¶¶ 5, 10–11. On June 6, 2006, Davalos executed a mortgage ("the Mortgage") on the Property in favor of Mortgage Electronic Registration Systems, Inc. ("MERS") in the amount of $684,000. Id. ¶ 12. The Mortgage was recorded in the Registry of Deeds on June 14, 2006. Id. The Mortgage "was a standard form 'Freddie Mac/Fannie Mae' residential mortgage (a so-called GSE Uniform Mortgage), an instrument widely used across Massachusetts." Id. at 24–43; Thompson v. JPMorgan Chase Bank, N.A., 486 Mass. 286, 288 (2020) (citation omitted). Paragraph 22 of the Mortgage allows for acceleration after the borrower's default and the relevant notice that a lender must give regarding same or any invocation of the statutory power of sale of the property. D. 1-1 at 36. Paragraph 19 of the Mortgage provides for the borrower's right to reinstate after acceleration. Id. at 34.

On May 31, 2012, MERS assigned the Mortgage to HSBC as Trustee, which was recorded in the Registry of Deeds on July 18, 2012. Id. at 57. PHH is the current servicer of the loan.

On August 3, 2022, NewRez, on behalf of servicer PHH, sent a "90 Day Right to Cure Your Mortgage Default" Notice ("the Notice") to Davalos. Id. ¶ 16; D. 10-1 at 29–36. The Notice, in relevant part, informed him that he had failed to make his monthly loan payments from August 2017 through August 2022 and that he "must pay the past due amount of $263084.63 on or before

---

[3] While Davalos claims to be the current owner, D. 1-1 ¶ 5, it appears that he transferred the Property on January 8, 2019 to 137 Main Street Trust, which now is recorded in the Registry of Deeds, D. 10-1 at 2. On a motion to dismiss, "the court may consider documents attached to or expressly incorporated in the [c]omplaint, as well as 'documents the authenticity of which are not disputed by the parties,' 'official public records,' 'documents central to the plaintiff's claim,' and 'documents sufficiently referred to in the complaint' without converting the motion into one for summary judgment." Wilborn v. Walsh, 584 F. Supp. 2d 384, 386 (D. Mass. 2008) (quoting Watterson v. Page, 987 F.2d 1, 3–4 (1st Cir. 1993)).

November 1, 2022, which is 90 days from the date of this notice." D. 10-1 at 29–30. It further provided that "[i]f your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved." Id. at 36. To date, Defendants have not sent any further notice, the loan has not been accelerated, and no foreclosure sale has taken place.

## IV. Procedural History

Davalos instituted this action on December 23, 2022 in the Barnstable Superior Court. D. 1-1. Defendants removed the action to this Court, D. 1, and now have moved for dismissal, D. 9. The Court heard the parties on the instant motion and took the matter under advisement. D. 15.

## V. Discussion

The parties' dispute here revolves around the Notice Defendants sent to Davalos regarding his right to cure his default and whether the Notice sufficiently complied with Massachusetts' regulatory scheme.

Massachusetts is a non-judicial foreclosure state, where a mortgagee need not obtain judicial authorization to foreclose on a mortgaged property if "the mortgage itself gives the mortgagee a power of sale and includes by reference the statutory power" set out in Mass. Gen. L. c. 183, § 21. Pinti v. Emigrant Mortg. Co., Inc., 472 Mass. 226, 232 (2015) (citation omitted). To foreclose on a mortgaged property with a GSE Uniform Mortgage, the mortgagee "first [must] comply[] with the terms of the mortgage and with the statutes relating to the foreclosure of mortgages by the exercise of a power of sale." Mass. Gen. L. c. 183, § 21. Because this is a "substantial power . . . without judicial oversight, [courts have] followed the traditional and familiar rule that one who sells under a power [of sale] must follow strictly its terms; the failure to do so results in no valid execution of the power, and the sale is wholly void." Fed. Nat'l Mortg.

4

Ass'n v. Marroquin, 477 Mass. 82, 86 (2017) (second alteration in original) (citation and internal quotation marks omitted).

This strict compliance regime, however, does not require a mortgagee's "punctilious performance of every single mortgage term." Pinti, 472 Mass. at 235. Rather, a foreclosing mortgagee must only strictly comply "with the terms of the actual power of sale in the mortgage, [and] with any conditions precedent to the exercise of the power that the mortgage might contain." Id. at 233–34 (citing cases). These terms and conditions precedent include only "(1) terms directly concerned with the foreclosure sale authorized by the power of sale in the mortgage, and (2) those prescribing actions the mortgagee must take in connection with the foreclosure sale — whether before or after the sale takes place." Id. at 235. Accordingly, notices of default must strictly comply with the default notice provisions of Paragraph 22 in a GSE Uniform Mortgage. Id. at 240.

On the other hand, other aspects of this regulatory scheme do not require strict compliance. For example, and most relevantly, Mass. Gen. L. c. 244, § 35A "establishes notice requirements before a foreclosing mortgagee can accelerate a mortgage obligation and foreclose based on borrower default." Thompson, 486 Mass. at 289. Under the statute, the required right-to-cure notice must inform the mortgagor, among other things, of "notice of default, of the right to cure, of the deadline by which the default must be cured, and that failure to cure the default may result in acceleration and foreclosure by sale." Pinti, 472 Mass. at 239. As the purpose of § 35A is "to give a mortgagor a fair opportunity to cure a default before the debt is accelerated and before the foreclosure process is commenced," the Supreme Judicial Court has also explained that the right to cure is a "preforeclosure undertaking" that does not require strict compliance because § 35A is not a statute "relating to the foreclosure of mortgages by the exercise of a power of sale." U.S.

5

Bank Nat'l Ass'n v. Schumacher, 467 Mass. 421, 431 (2014) (quoting Mass. Gen. L. c. 183, § 21) (internal quotation marks omitted). To comply with § 35A, the Division of Banks "has issued regulations specifying the precise form that this notice must take; a foreclosing mortgagor may not alter the notice." Thompson, 486 Mass. at 289 (citing 209 C.M.R. § 56.04).

A foreclosing mortgagee can also send a "hybrid notice," a notice sent to fulfill the mortgagee's obligations under Paragraph 22 of the GSE Uniform Mortgage and § 35A. Id. at 292–93. In such a case, "[a]ny provision contained in GSE Uniform Mortgage [P]aragraph 22 must meet the heightened strictures of Pinti's compliance regime, while those notice provisions found only in . . . § 35A, would be subject to the lesser requirements articulated in Schumacher." Id. at 292 n.7.

The basis of Davalos' claims is that the Notice here was misleading and did not sufficiently comply with the aforementioned requirements. D. 1-1 ¶¶ 27–89; D. 13 at 5–12. Specifically, Davalos contends that the Notice repeatedly states that he "must pay the past due amount of $263084.63," but also states that "[i]f your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved." D. 10-1 at 30, 34–36. In his view, the use of the phrase "total amount due," as opposed to "past due amount," is unclear and dilutes a mortgagor's unequivocal right to reinstate the mortgage after acceleration, by leaving him unsure of whether he is required to pay only a "past due" partial reinstatement amount or the entire accelerated amount to reinstate the loan. D. 1-1 ¶¶ 27–89; D. 13 at 5–12.

This issue has been addressed by a different session of this Court. See Lanier v. PHH Mortg. Corp., 618 F. Supp. 3d 31, 34–35 (D. Mass. 2022); Giannasca v. PHH Mortg. Corp., 615 F. Supp. 3d 9, 12–14 (D. Mass. 2022). In both cases, the mortgagee sent a materially identical

right-to-cure notice to the Notice at issue here, including the language that "[i]f your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved."  Compare D. 10-1 at 29–36 with Lanier, No. 21-10692-NMG, D. 36-3 (D. Mass. June 6, 2022) and Giannasca, No. 21-11741-NMG, D. 12-2 (D. Mass. Dec. 1, 2021).  In both Lanier and Giannasca, the court concluded that the notices were sent pursuant to § 35A and, thus, did not require strict compliance.  Lanier, 618 F. Supp. 3d at 35; Giannasca, 615 F. Supp. 3d at 13.  The court in those cases further reasoned that each of the notices could not be considered a "hybrid notice" because they did not indicate the loan was being accelerated and only informed the mortgagor that the past-due amounts were owed.  Lanier, 618 F. Supp. 3d at 35; Giannasca, 615 F. Supp. 3d at 13.

This Court finds the reasoning of the Lanier and Giannasca court persuasive, along with that of the Estate of Orre v. Ocwen Loan Servicing, LLC court.  Estate of Orre v. Ocwen Loan Servicing, LLC, No. 19-10553-TSH, 2023 WL 2743338, at *5 (D. Mass. Mar. 31, 2023) (denying leave to amend to raise identical issue in the context of a hybrid notice and citing Lanier approvingly).  First, the Notice at issue here is entitled "90 Day Right to Cure Your Mortgage Default," not "Notice of Default" or "Default Notice."  D. 10-1 at 29.  Second, the Notice does not purport to be sent pursuant to Paragraph 22 and "concerns neither the power of sale nor any action that must be taken in connection with foreclosure."  Id. at 29–36; Lanier, 618 F. Supp. 3d at 35.  Third, it is uncontested that the Notice follows the required language issued by the Division of Banks for mortgagees to include in a § 35A notice.  Compare D. 10-1 at 29–36 with 209 C.M.R. § 56.04.  Fourth, the Notice did not indicate the loan was being accelerated and informed Davalos that only the past-due amounts were owed.  Lanier, 618 F. Supp. 3d at 35; Giannasca, 615 F. Supp. 3d at 13.  Lastly, as the loan has not been accelerated and no foreclosure auction has taken place,

there is no indication that Defendants intended the Notice to be a hybrid notice, i.e., one to satisfy their obligations under both Paragraph 22 and § 35A.  Although Davalos alleges the Notice is a hybrid notice, D. 1-1 ¶¶ 16–26, nothing in the Notice, incorporated by reference in the complaint, makes that allegation plausible, D. 10-1 at 29–36.  As such, Davalos' arguments are unavailing because strict compliance "has no application to the Right to Cure Letters."  Giannasca, 615 F. Supp. 3d at 13.

Even assuming *arguendo* that the Notice was hybrid (i.e. not just giving notice pursuant to § 35A but also notice pursuant to Paragraph 22 of default, acceleration, and statutory power of sale), Defendants strictly complied with the regulatory scheme for such a notice.  As mentioned above, in the case of a hybrid notice, any provision from GSE Uniform Mortgage Paragraph 22 "must meet the heightened strictures of Pinti's compliance regime," whereas those notice provisions for § 35A are "subject to the lesser requirements articulated in Schumacher." Thompson, 486 Mass. at 292 n.7.  Consequently, according to the Mortgage, any such notice must have informed Davalos in strict compliance with the following information:

> The notice shall specify:  (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property.  The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale.

D. 1-1 at 36.  Here, the Notice stated that (1) Davalos "did not make [his] monthly loan payment(s) due on" dates spanning August 1, 2017 through August 1, 2022; (2) Davalos "must pay the past due amount of $263084.63 on or before November 1, 2022 which is 90 days from the date of this notice;" (3) "[f]ailure to cure the default on or before the date specified in this notice may result in acceleration of the sums secured by the Mortgage and sale of the Property;" and (4) Davalos has

"the right to reinstate the loan after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense [he] may have to acceleration and sale." D. 10-1 at 29–30, 36. A hybrid notice with nearly identical language was found to be in strict compliance with this regulatory scheme. Thompson, 486 Mass. at 295; compare D. 10-1 at 29–36 with Thompson v. JPMorgan Chase Bank, N.A., No. 18-cv-10131-RWZ, D. 9-1 (D. Mass. Mar. 1, 2018). Accordingly, the Notice here strictly complied with Paragraph 22 of the GSE Uniform Mortgage.

Davalos appears to argue that the Notice is, nevertheless, defective because it does not strictly comply with a mortgagor's right to reinstate the loan after acceleration, a right which he contends stems from Paragraphs 22 and 19 of the Mortgage. D. 1-1 ¶ 19; D. 13 at 9. As explained above, however, the only language in Paragraph 22 regarding acceleration, and thus requiring strict compliance, is that "[t]he notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale," D. 1-1 at 36, which was included and strictly complied with in the Notice, D. 10-1 at 36. While additional language can render an otherwise compliant notice inaccurate or misleading, see Aubee v. Selene Fin. LP, 56 F.4th 1, 6–8 (1st Cir. 2022), the Court does not "find[ ] . . . the language at issue . . . either ambiguous or contradictory," Estate of Orre, 2023 WL 2743338, at *5 n.9. Indeed, the language at issue, "[i]f your payment is not accepted or your payment is for less than the total amount due (which we may accept without waiving any of our rights), this matter will not be resolved," appears within a discussion of the mortgagor's right to reinstate the mortgage. D. 10-1 at 36, and the Notice does not seek or purport to seek acceleration. Id.

Notwithstanding this context, Davalos seems to suggest that this additional language renders the Notice misleading and not compliant with Paragraph 22, because the Notice also states on the same page that "[y]ou may redeem the property by paying the total amount due prior to the foreclosure sale." D. 10-1 at 36; D. 13 at 7–9.  In his view, the "total amount due" in the context of redeeming a property is the post-acceleration amount. D. 13 at 7–9.  Accordingly, Davalos argues the phrase "total amount due" is being used inconsistently, because in the language at issue it is meant to refer to only the past due amount. Id. Identical words or phrases, however, can have different meanings depending on their context, see McAdams v. Mass. Mut. Life Ins. Co., 391 F.3d 287, 299 (1st Cir. 2004) (explaining that "[c]ontract interpretation under Massachusetts law depends heavily on context and recognizes that words can have different meanings in different contexts" (citing cases)), and, in the context of reinstatement, the Court concludes that the language refers to the total past due amount indicated throughout the Notice, see Estate of Orre, 2023 WL 2743338, at *5 & n.9 (addressing identical language and denying motion to amend to make a similar claim as futile).[4]

As to his argument that it relates to Paragraph 19, fatal to Davalos' argument is the fact that the line of cases upon which he relies—namely, Pinti, Marroquin, and Thompson—"speak

---

[4] Davalos proffers an ECF entry from another session of this Court that denied a motion to dismiss a similar claim. D. 16 (attaching Gaudet v. Rushmore Loan Mgmt. Servs., LLC, No. 23-cv-10667-RGS, D. 16 (D. Mass. May 3, 2023)). There, the Gaudet court concluded that where the "defendants fail[ed] to meaningfully engage with [the] theory of liability regarding Paragraph 22, thereby not addressing "why a reasonable consumer would not misunderstand the right to accelerate" where "the only other use of 'total amount due' in the Notice of Default refers to the accelerated balance of the loan" and "precedent establishes that subsequent language in a notice of default can cause an otherwise compliant disclosure of rights to become inaccurate or misleading," denial of the motion to dismiss was warranted. Id. (citations omitted). Here, where the Court has the benefit of counsel's more fulsome analysis, both in their filings and at oral argument, and having considered the relevant case law as discussed above, the Court is not persuaded that Gaudet warrants a different outcome in this case.

only to the lender's obligation with respect to the notice of default." Stephens v. Rushmore Loan Mgmt. Servs., LLC, No. 22-cv-10225-ADB, 2022 WL 1608470, at *5 (D. Mass. May 20, 2022). Indeed, "the First Circuit has held that the corresponding provision of the standard mortgage—paragraph 19, which advises the borrower of the conditions under which they can reinstate their mortgage after acceleration—'does not, on its own, impose any notice requirements on [the lender].'" Id. (alteration in original) (quoting Thompson v. JPMorgan Chase Bank, N.A., 982 F.3d 809, 812 (1st Cir. 2020)).

For all of these reasons, as the Court has concluded that the Notice complied with the regulatory scheme and the basis of each of Davalos' claims was the alleged failure to comply and misleading nature of the Notice, dismissal of his claims is warranted.

### VI. Conclusion

For the foregoing reasons, the Court ALLOWS Defendants' motion to dismiss. D. 9.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge